OPINION and ORDER DISMISSING APPEAL
SLEDD, J.:
Under Tulalip Ordinance 49, a party may appeal to the Court of Appeals if he or she “claims, in good faith, that the ... Court made a mistake.... ” TO 49.4.2.1. The party appealing must file a notice of appeal, which must “designate the judgment, order, or part thereof being appealed,” and “must also state the reason or grounds for appeal.” TO 49.4.3.2. Reading these provisions together, they require that the notice of appeal indicate what the lower court did wrongly in its decision or its procedures. As we stated in Jones v. Tulalip Tribes, 7 NICS App. 19, — Am. Tribal Law - (2005), an employment appeal, a notice of appeal must enable the Court of Appeals “to determine if there are legitimate appealable issues to be considered.” “Simply disagreeing with the decision of the Trial Court is not adequate grounds for appeal.” Pablo v. Tulalip Housing Authority, 6 NICS App. 142, — Am. Tribal Law-(2004). If nothing more than such a disagreement were required to make a valid appeal, then “everyone would be able to file appeals just because they didn’t agree with the decision. This would render the usefulness of the Tribal Court meaningless.” Santibanez v. The Tulalip Tribes, Order Denying Motion for Reconsideration, No. TUL-CV-GC-2003-358 (2004).
 The “reason or grounds” stated in L.M.’s notice of appeal are that she was not knowledgeable about the appeal process and wants to have an attorney present, and that she does not feel the decision was fair. While we should liberally construe a notice of appeal filed without the help of a lawyer, we cannot do away with the Rules or our precedent entirely. However minimal the requirement to identify a legal or procedural error may be, the notice of appeal here was not sufficient. There is no requirement in TO 84 that the Employment Court’s decision be “fair” in the abstract, or that the employee be represented by counsel.
We understand how hard it is for a person to handle a court case with no lawyer. Especially for such a person, we do not think Ordinance 49 was meant to impose highly technical requirements for a notice of appeal. But the ordinance does require some indication of the issues to be decided on appeal, and some sense of what part of the lower court’s decision or procedure violated the law or was not supported *283 by the facts. It requires more than we have here.
When a party in the Court of Appeals does not comply with procedural rules, the Court may dismiss or make another appropriate order. TO 49.5.1. In an appropriate case the Court of Appeals might order a party to amend a defective notice of appeal, rather than dismissing the appeal outright. We have considered the record of proceedings before the Employment Court and, under the circumstances of this case, we believe dismissal is appropriate.
Therefore, this appeal is dismissed.
It is so ordered, this 8th day of March, 2012.